■ COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v GEORGE I. BOYCHUCK et al., Appellants, et al., Defendant. — Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered May 8, 1984 in Warren County, which granted plaintiff's motion for summary judgment against defendants George I. Boychuck, Olga Boychuck and Eugene W. Boychuck.

Plaintiff is a public benefit corporation organized and existing under General Municipal Law § 890-c. On or about March 1, 1978, defendants* applied to plaintiff for financial assistance for the construction, acquisition and equipping of a 96-unit motel and convention facility (Project) to be located in the Town of Lake George, Warren County. On March 15, 1978, plaintiff approved the Project by designating defendants to act as its agents in the development thereof. By resolution dated September 27, 1978, plaintiff authorized the issuance of a $1,500,000 tax-exempt bond to finance the Project. A "Payment in Lieu of Tax Agreement", dated October 1, 1978 and signed by defendants on December 13, 1978, has become the subject of the parties' controversy. This agreement provided, *inter alia,* that defendants were to make certain payments in lieu of taxes for a 12-year period, commencing September 1, 1979, and pay attorneys' fees and expenses in the event of their default.

Although the parties contemplated completion of the Project prior to May 1, 1979, which would have rendered it assessable for real property taxes had it been owned by defendants, difficulties beyond the control of defendants, of which plaintiff was aware, prevented completion until August 1979. Based solely on the fact that due to its belated completion taxes could not have been assessed until 1980 if the Project had been owned by defendants, defendants refused to make the initial payment of

---

* The term "defendants" will hereinafter refer to defendants George I. Boychuck, Olga Boychuck and Eugene W. Boychuck only. Although defendant Edward S. Singer is also a party to this action and plaintiff's motion sought summary judgment against him as well as the other defendants, Special Term denied plaintiff's motion as to defendant Singer and he is not involved in this appeal.

$19,500 due under the agreement on September 1, 1979. Actually, defendants did not make any payments under the agreement until July 24, 1981 when they tendered to plaintiff the September 1, 1980 payment of $21,450, plus interest of $1,179.65. No further payments were made until September 1, 1983 when defendants, after receiving plaintiff's demand and default notice, paid plaintiff $76,050 representing payments in lieu of taxes due on September 1, 1981, 1982 and 1983. Despite their attorney's representation that appropriate interest would be paid on these amounts, none was forthcoming and defendants steadfastly refused to pay or to admit any obligation for the September 1, 1979 payment.

Plaintiff commenced this action to recover (1) payment due on September 1, 1979, with interest; (2) interest on the payments due September 1, 1981 and 1982; and (3) recoverable attorneys' fees and expenses. Special Term granted plaintiff's motion for summary judgment on all its causes of action, concluding that defendants' answer and affidavit in opposition failed to raise an issue of fact.

On this appeal, defendants claim that Special Term erred because (1) the parties contemplated that the September 1, 1979 payment would not be due or owing if the Project had not been completed in time to be taxable for the year 1979, if defendants had actually owned it, and that defendants, therefore, should be afforded the opportunity to introduce oral testimony on this issue in view of plaintiff's denial thereof; (2) that the agreement was subsequently orally modified by the parties in accordance with defendants' claim; and (3) that any contrary determination would frustrate the very essence and purpose of the agreement. Each of these contentions has as its basis the intent of the parties relative to the "Payment in Lieu of Tax Agreement".

Where, as here, the parties have reduced their agreement to writing, the parol evidence rule operates to exclude evidence of any prior or contemporaneous oral agreement when offered to contradict, vary, add to or subtract from the terms of the writing (*Thomas v Scutt,* 127 NY 133). This rule is based upon an assumed intention of the parties to place themselves beyond the uncertainties of oral testimony by an apparently complete written contract (*supra*) and recognizes only two so-called exceptions not here present (*see also,* Richardson, Evidence § 601 *et seq.* [Prince 10th ed 1973]). Here, defendants' attempted interpretation of the agreement in lieu of taxes would substantively alter, over plaintiff's vehement objection, the unqualified promise to pay contained therein. The agreement provides that defendants shall make yearly payments to plaintiff in lieu of taxes, and a 12-year schedule of payments is contained in the agreement.

Nothing in the agreement itself renders these payments contingent upon the taxability of the property if defendants had owned it. The promise to pay according to the above schedule is definite and unconditional. There is ample consideration other than the taxability of the property supporting such definite promise, including the favorable financing afforded defendants by plaintiff's issuance of a tax-exempt bond, as well as the Federal and State income tax benefits accruing to defendants by the agreement.

Both parties knew at the time they contracted that completion of the project could not have the effect of imposing tax liability on defendants, for the property was owned by plaintiff, a tax-exempt public benefit corporation. Accordingly, the use of the phrase "payment in lieu of taxes" could not have been intended to mean a payment in lieu of an assessed tax. The phrase could only have been meant to mean a payment in consideration of various benefits conferred upon defendants, including the freedom from tax liability. Special Term was, therefore, correct in concluding that the agreement was complete and unambiguous, and properly refused to allow oral testimony to show that the parties' intent accorded with defendants' version and was contrary to plaintiff's denial of such contention (*Fiske v Fiske,* 95 AD2d 929, 931-932, *affd* 62 NY2d 828).

Nor is there merit in defendants' further contention that the agreement was orally modified. In addition to violating the parol evidence rule, defendants alleged such modification in the most conclusory terms insufficient to defeat plaintiff's motion for summary judgment in affidavit form only. In addition, defendants failed to plead the modification as an affirmative defense in their answer, thus waiving that defense absent leave to amend (*see,* CPLR 3018 [b]; *De Lisa v Amica Mut. Ins. Co.,* 59 AD2d 380, 382).

In view of the favorable financing and tax benefits that accrued to defendants as the result of the agreement, their contention of frustration of purpose likewise is untenable. It is apparent that completion of the Project in time to be taxable for 1979, had defendants owned the property, was not an integral and necessary part of the agreement.

The interest on the award was properly computed by Special Term and the attorneys' fees awarded were pursuant to the agreement and reasonable in amount. Accordingly, the grant of summary judgment to plaintiff by Special Term was in all respects proper.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.