■ In the Matter of CHRISTOPHER W. FAURE, Petitioner, v DONALD O. CHESWORTH, as Superintendent of the Division of New York State Police, et al., Respondents. — Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Superintendent of State Police which dismissed petitioner from his position as a State trooper.

Petitioner, a State trooper since October 1981, was dismissed by respondent Superintendent of State Police following a disciplinary hearing and a finding sustaining three charges involving the misuse of his gun. On or about October 1982, petitioner had occasion to search a trailer where an armed robbery suspect was believed to be hiding. During the search, his companion trooper called petitioner to come to a room where the suspect was found. When petitioner arrived at the room, he saw the suspect being thrown on a bed. The suspect was twisting and turning on the bed and petitioner pointed his revolver at the suspect, ordering him not to move. The suspect was then handcuffed by the companion trooper. In June 1983, petitioner was censured and lost five vacation days for handing his gun, supposedly unloaded, to another trooper; later, the gun accidentally discharged because petitioner had left a bullet in the cylinder. On July 30, 1983, petitioner and his partner pursued a car being driven in an erratic manner. When the trooper car "headed" this car and caused it to stop, petitioner positioned himself four to five feet behind the stopped car and ordered the driver out of the vehicle. The driver did not obey and backed the car toward petitioner, who, believing he could not get out of the way in time, shot the driver in the head.

Based on these three incidents, petitioner was charged with the prohibited used of deadly force, discrediting the Division of State Police, improper conduct toward a prisoner and gross incompetence in the use of his firearm. A hearing board found petitioner guilty of the charges, except for discrediting the Division, and recommended dismissal. Respondent Superintendent agreed with this finding and determined that petitioner should be dismissed from the Division.

The determination of respondent Superintendent must be confirmed since it is supported by substantial evidence. Petitioner, in effect, admitted the charges sustained, i.e., that he had *been* unnecessarily harsh in drawing his gun on a suspect, that he had allowed his gun to be handled as unloaded when it was, in fact, loaded, and that, in violation of State Police regulations, he had fired on a vehicle where no other deadly force except the

vehicle was being used. The State Police regulation was valid insofar as it bore a reasonable relationship to a legitimate government interest (*see, Matter of Shattenkirk v Finnerty,* 97 AD2d 51, 55-57, *affd* 62 NY2d 949). A higher standard of fitness and character pertains to police officers than to ordinary civil servants (*Matter of Shedlock v Connelie,* 66 AD2d 433, 435, *affd* 48 NY2d 943). Petitioner, therefore, has not demonstrated that the regulation being attacked lacks a rationale basis.

Petitioner's guilt was based only on violations that were charged. Consequently, contrary to petitioner's claim, he was not denied due process. Any uncharged violation referred to by respondent Superintendent is harmless (*see, Matter of S. & J. Pharmacies v Axelrod,* 91 AD2d 1131, 1133). We find no merit in petiticner's other due process arguments.

Lastly, the penalty of dismissal imposed in these circumstances was not so disproportionate to the violations as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234). Accordingly, the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.