In the Matter of ROBERT REMILLARD, Petitioner, v CITY OF WATERVLIET, Respondent.—Weiss, J.

On November 26, 1983, petitioner, a firefighter employed by the City of Watervliet, Albany County, was involved in a motor vehicle collision at the intersection of 4th Street and 5th Avenue in the city while responding to a first aid call in an emergency vehicle. As a result of this incident, respondent's General Manager brought charges pursuant to Civil Service Law § 75 alleging that petitioner "failed to exercise reasonable care in the use of motor equipment". After a

hearing in March 1984, the Hearing Officer found that petitioner's conduct was unreasonable as charged and recommended that he be reprimanded and fined $100. The General Manager adopted this recommendation in its entirety and this proceeding ensued.

Our inquiry is whether the determination is supported by substantial evidence (Matter of Faure v Chesworth, 111 AD2d 578). The record established that petitioner was driving an emergency vehicle en route to a distress call at the time of the accident, and that the emergency flashing lights and siren had been activated. Pursuant to Vehicle and Traffic Law § 1104 (b) (2), petitioner was authorized to proceed through the intersection, which was controlled by stop signs facing traffic on 4th Street, "but only after slowing down as may be necessary for safe operation". Petitioner, who was driving westbound along 4th Street, acknowledged that he entered the intersection at approximately 10 miles per hour without having first stopped, and that he never saw the other vehicle before impact. As demonstrated in the extensive factual findings made by the Hearing Officer, a vehicle approaching this intersection from petitioner's direction enjoys only a very limited view of traffic on 5th Avenue. While petitioner testified that he looked both ways along 5th Avenue before entering the intersection, the General Manager had ample basis to conclude that petitioner failed to obtain an unobstructed view of oncoming traffic and that he should have stopped (see, Vehicle and Traffic Law § 1104 [e]; Stanton v State of New York, 29 AD2d 612, 613, affd 26 NY2d 990). That petitioner may not have received formalized training from his employer as to the operation of an emergency vehicle does not alleviate the failure to exercise due care in approaching the intersection. Considering the circumstances, the penalty was clearly not disproportionate to the offense. Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.