■ MARIANO RODRIGUEZ et al., Appellants, v CITY OF NEW YORK, Respondent.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered on December 16, 1986, which, *inter alia,* denied plaintiffs' cross motion compelling, in part, defendant to respond to plaintiffs' second notice to produce, dated October 22, 1986, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of granting an in camera inspection of any Civilian Complaint Review Board file relating to the prior firearm discharge incidents involving the subject police officer, and otherwise affirmed, without costs or disbursements.

Plaintiffs' complaint seeks damages for personal injuries to plaintiff Mariano Rodriguez and the loss of consortium to his wife, Doris Rodriguez arising out of an incident which occurred on March 31, 1984 in Bronx County when Police Officers Theodore Young and Joseph Joglar allegedly negligently discharged their weapons, striking Mariano Rodriguez. In the course of discovery proceedings, following plaintiffs' notice to produce and defendant's cross motion for a protective order vacating some of plaintiffs' discovery demands, defendant was directed to produce for an in camera inspection the personnel files of the two officers, as well as the records of the Civilian Complaint Review Board (CCRB) and the Internal Affairs Division (IAD) pertaining to the instant incident. One of the documents released to plaintiffs after the in camera inspection is a report prepared by the duty captain regarding the occurrence at issue herein, which contains a reference to three prior firearm discharge incidents involving Officer Young. Plaintiff thereafter moved, in part, for the discovery of information relating to these previous incidents, including CCRB and IAD records. Defendant opposed, arguing that the court was aware of the three incidents when it conducted its in camera examination but had denied discovery of the incidents as inappropriate. Plaintiffs, however, contend that they were unaware of the prior incidents until they received the duty captain's report. The court denied plaintiffs' motion, and plaintiffs have appealed. In that regard, it should be noted that notwithstanding defendant's argument to the contrary, plaintiffs' cross motion is appealable; since it is based upon

information not known to plaintiffs at the time of the original motion, it is in the nature of a motion for renewal *(see, Foley v Roche,* 68 AD2d 558). As for the issue of plaintiffs' discovery demand, the record of this case indicates that there is a sufficient factual foundation for an in camera inspection by the court of the CCRB records of the three earlier incidents in order to determine whether they contain any information relevant and competent to the present litigation and whether any further discovery and/or inspection would be warranted under the circumstances. Concur—Kupferman, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.