RICHARD TARAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 69690.)

On July 30, 1983, Trooper Christopher Faure and his partner Trooper David Douglas pursued a motor vehicle being driven in an erratic manner. When they stopped the vehicle, Faure exited the police car, positioned himself behind the stopped vehicle and ordered the driver to exit therefrom. The driver, claimant Richard Peter Taran, did not comply with the order and instead backed his automobile toward Faure, who, believing he could not get out of the way, shot Taran in the head with his service revolver.

Thereafter, the facts and circumstances of the incident were presented to a Dutchess County Grand Jury which indicted Taran but returned no true bill against Trooper Faure. Later the charges against Taran were dismissed in the interest of justice.

However, based upon this incident, along with two others involving the improper use of firearms, Faure was brought up on departmental charges and after a hearing was discharged from the New York State Police. To assist in his defense during the disciplinary proceeding, Faure obtained a court order releasing the Grand Jury minutes. These minutes were

later made part of the record in a proceeding pursuant to CPLR article 78 which Faure commenced to contest his discharge from employment. In a memorandum decision dated May 30, 1985 (see, Matter of Faure v Chesworth, 111 AD2d 578), the determination of the Superintendent of the Division of the New York State Police was confirmed and the proceeding was dismissed.

Richard Peter Taran, along with his mother and father (claimants Richard Taran and Joan Taran), had commenced a claim in the Court of Claims seeking, *inter alia,* damages for the injuries sustained by Richard Peter Taran as a result of the shooting. Following the joinder of issue, a partial oral deposition of former Trooper Faure was taken. Upon inquiry by claimants' counsel, the Deputy Attorney-General representing the State at the deposition instructed Faure not to respond to questions concerning his testimony before the Dutchess County Grand Jury.

By notice of motion dated October 10, 1986, the claimants moved for an order pursuant to CPLR 3102 (f) and Court of Claims Act § 17, directing the State to produce Faure and Douglas for a further examination before trial pertaining to their testimony before the Dutchess County Grand Jury and at Faure's disciplinary proceeding, and ordering the production of the following books and records: (a) portions of the New York State Police Manual effective July 1983, (b) all personnel records pertaining to former Trooper Faure, (c) all personnel records pertaining to Trooper Douglas, (d) New York State Police Academy course instruction materials for the years 1980 and 1981 in the areas of firearms training and vehicle and traffic law enforcement, and (e) communications records concerning the shooting of Taran on July 30, 1983.

In the order appealed from, the Court of Claims: (1) directed the State to produce Faure and Douglas for a further examination before trial (the court noted that although Faure was no longer employed by the State, no objection had been made on those grounds), (2) ordered that both individuals could be examined concerning their prior testimony before the Grand Jury and at the disciplinary proceeding, and (3) directed the State to produce, for in camera inspection by the court, the documents requested by the claimants.

Initially we hold that, under the circumstances, the Court of Claims did not err in holding that the claimants could utilize the Grand Jury minutes during the oral depositions of Faure and Douglas. Since the minutes had been made part of Faure's record on appeal with regard to the proceeding to

contest his discharge from the State Police, the purpose of restricting the disclosure of that material would not be served by precluding the claimants from utilizing it during the oral depositions or at trial if necessary (see, CPL 190.25 [4]; *Matter of District Attorney of Suffolk County,* 58 NY2d 436; *Melendez v City of New York,* 109 AD2d 13; *Ruggiero v Fahey,* 103 AD2d 65, 67-68). In addition, the court properly ordered the State to produce Police Academy training materials regarding the use of firearms for an in camera inspection (see, *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 118-119).

However, in accordance with Civil Rights Law § 50-a, a hearing is necessary prior to the issuance of an order directing the production of Faure and Douglas's personnel records for an in camera inspection (see, Civil Rights Law § 50-a [2], [3]). If the claimants can offer, in good faith, "some factual predicate" warranting the intrusion into the personnel records of both Faure and Douglas (*People v Gissendanner,* 48 NY2d 543, 550; *Cox v New York City Hous. Auth.,* 105 AD2d 663, 664), the Court of Claims may then request the files for an in camera inspection to determine whether they are "relevant and material in the action before him" (Civil Rights Law § 50-a [3]; *see also, People v Harris,* 121 AD2d 788, *lv denied* 68 NY2d 770; *Lawrence v City of New York,* 118 AD2d 758). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.