■ Kathleen A. Zarn, Individually and as Administratrix of the Estate of Sol Zarn, Deceased, et al., Appellants, v City of New York et al., Respondents. [603 NYS2d 503] —In action to recover damages for wrongful death, negligence, intentional tort, and violation of civil rights, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated June 7, 1991, which denied their motion for inspection and release of the personnel records of the defendant Colleen DeForest and granted the cross motion of the defendant City of New York for a protective order with respect to those records.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Kathleen Ann Zarn seeks, *inter alia,* damages for wrongful death arising out of the sudden suicide of her husband, Sergeant Sol Zarn, of the New York City Police Department. In connection therewith, she sought disclosure of the personnel records of the defendant Police Officer Colleen DeForest, the only witness to the suicide. The Supreme Court denied the motion and granted the cross motion of the defendant City of New York for a protective order. The court held that Mrs. Zarn did not make a clear showing of facts, as required by Civil Rights Law § 50-a, sufficient to warrant review of DeForest's personnel records. The court also found that DeForest did not waive the confidentiality of such information through her testimony at her examination before trial. We also reject the claim that DeForest waived the confidentiality of her files through her testimony at her deposition *(see, People v McHugh,* 124 Misc 2d 823), and agree with the other findings of the Supreme Court, Richmond County.

The plaintiff was required to offer, "in good faith * * * some factual predicate" for providing access to the personnel files so as to warrant an in camera review *(People v Gissendanner,* 48 NY2d 543, 550; Civil Rights Law § 50-a [2]; *Taran v State of New York,* 140 AD2d 429, 432). This threshold requirement is designed to eliminate fishing expeditions into police officers'

personnel files for collateral materials to be used for impeachment purposes *(see, Matter of Capital Newspapers v Burns,* 67 NY2d 562, 568-569). Mrs. Zarn has not made a factual showing that the career of Officer DeForest relates to the suicidal death of Sergeant Zarn *(see, People v Lugo,* 93 Misc 2d 195; *People v Torres,* 77 Misc 2d 13). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.