■ DARREL FLORES et al., Respondents, v CITY OF NEW YORK, Appellant. [615 NYS2d 400] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered July 21, 1993, which directed defendant to produce certain New York City Police Department Internal Affairs Division records for in camera inspection, unanimously reversed, on the law, without costs. Order of the same court and Justice, entered the same date, which directed defendant to turn over certain Civilian Complaint Review Board records to plaintiff concerning three prior incidents, and which permitted plaintiff to conduct a deposition on certain events that occurred earlier than the incident giving rise to this suit, unanimously affirmed, without costs.

This action arose out of the shooting of plaintiff Darrel Flores by Police Officer Joseph Erbetta in Washington Heights on May 1, 1991 at approximately 1:45 P.M. A Firearms Discharge Review Board report concluded that Mr. Flores, then 17 years old, had acted together with one Telmo Ruiz and another in "accosting" a man with whom the three had engaged in an earlier dispute. Plaintiff was standing near Ruiz, who was holding a gun to the man's neck as the police approached. When Ruiz pointed the gun at them, Officer Erbetta discharged four rounds in his direction, striking plaintiff once in the right arm. Plaintiff was subsequently charged with menacing, but the District Attorney declined to prosecute.

Plaintiff sought disclosure of "the entire personnel file of Officer Erbetta, including but not limited to his medical file, psychological file, CCRB [Civilian Complaint Review Board] file and IAD [Internal Affairs Division] file in addition to transcripts of any Administrative Hearings." It should be emphasized that this is not a case in which the shooting is alleged to be without provocation *(cf., Rodriguez v City of New York,* 137 AD2d 436 [case decided on general negligence standard, 189 AD2d 166]; *Cox v New York City Hous. Auth.,* 105 AD2d 663; *Matter of Thomas v New York City Tr. Police Dept.,* 91 AD2d 898), and plaintiff has offered only conclusory

allegations of negligent training and supervision which are insufficient to support a request for discovery of privileged matter (Civil Rights Law § 50-a [2]). However, in an order not appealed from, Supreme Court directed production, for in camera inspection, of Officer Erbetta's employment application, his Police Academy file and the Firearms Discharge Review Board report with respect to this incident. While reserving decision as to IAD records relating to previous incidents involving Officer Erbetta, the court directed plaintiff to subpoena all CCRB records for in camera inspection.

In the first order subject to appeal, Supreme Court directed the City to produce the officer's "other Internal Affairs Division records" for in camera inspection. In the second order appealed from, the court directed the City to turn over to plaintiff CCRB records of three prior incidents involving Officer Erbetta. While denying a request for CCRB records of a fourth incident, in which Officer Erbetta shot a pit bull terrier that was attacking a fellow police officer, the court permitted inquiry into this matter at deposition, "since counsel for plaintiff independently knows about this incident."

Plaintiff does not dispute that the records sought are subject to Civil Rights Law § 50-a, exempting intra-agency materials from disclosure, and are discoverable only pursuant to court order following a hearing and in camera inspection, conducted upon "a clear showing of facts sufficient to warrant the judge to request records for review" (subd [2]). In addition, the materials sought fall within the exemption from disclosure of the Freedom of Information Law, set out in Public Officers Law § 87 (2) (g), as predecisional intra-agency materials *(Svaigsen v City of New York,* 203 AD2d 32, citing *Matter of Scaccia v New York State Div. of State Police,* 138 AD2d 50). Pursuant to the Civil Rights Law, the initial burden to demonstrate exemption from the statutory privilege is on the party seeking discovery, who is required to "offer, in good faith, 'some factual predicate' warranting the intrusion into the personnel records of [police officers]" *(Taran v State of New York,* 140 AD2d 429, 432, quoting *People v Gissendanner,* 48 NY2d 543, 550 [cause of action for negligent training and supervision subsequently dismissed, 186 AD2d 794]). It must be shown that personnel records are relevant to the merits of the action and are not sought merely to conduct "a fishing expedition to gain information to impeach a witness's general credibility" *(People v Valentine,* 160 AD2d 325, 326, *lv denied* 76 NY2d 797). Plaintiff has set forth no facts from which the court could conclude that intrusion into the confidentiality of Police

Department IAD records is warranted, and the order for production of this material for court inspection is without foundation (Civil Rights Law § 50-a [2]; *People v Gissendanner,* 48 NY2d 543, 550, *supra).*

As to the order to turn over the CCRB reports to plaintiff, we cannot say that the decision constitutes an abuse of discretion *(Matter of De Zimm v Connelie,* 64 NY2d 860). Supreme Court reviewed the documents, and the finding that three of the reports are relevant and material to issues in this litigation is not without support in the record. Although the City maintains that only the CCRB report concerning the particular shooting incident in question is relevant to this action, the prior incidents bear on the issue of notice regarding the officer's need for training in the appropriate use of force *(see, McCummings v New York City Tr. Auth.,* 81 NY2d 923, 927-928, *cert denied* — US —, 114 S Ct 548; *Wyatt v State of New York,* 176 AD2d 574, 576-577). Finally, we note that the City did not appeal from an order directing production of the CCRB reports for in camera inspection and, thus, the adequacy of the facts demonstrating the need for the court's review of these records is not in issue.

The City opposes inquiry during deposition regarding the pit bull attack as inconsistent with the court's order denying disclosure of the CCRB report concerning this incident. Plaintiff does not address this aspect of the appeal in his brief. However, a review of the record reveals that this incident came to light because it is mentioned in the Firearms Discharge Review Board report concerning this incident which the City voluntarily disclosed in response to plaintiff's notice for discovery and inspection. Having voluntarily produced the report, the City has surely "opened the door" to deposition questions on this incident, also involving the discharge of the officer's weapon. Concur—Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.