■ ESTATE OF JOSEPH McCONLOGUE, Deceased, by SHERI McCONLOGUE, as Administratrix, et al., Respondents, v

COUNTY OF NASSAU et al., Appellants. [618 NYS2d 570] —In an action to recover damages for wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated June 22, 1993, as (1) denied those branches of the defendants' motion which were for a protective order in connection with the plaintiffs' Demand for Employment Records and items 4, 5, and 9 of the plaintiffs' Notice of Discovery and Inspection, and (2) granted that branch of the plaintiffs' cross motion which was for an order directing the defendants to furnish personnel records for in camera inspection.

Ordered that the order is affirmed, insofar as appealed from, with costs.

We find that the Supreme Court did not err in ordering the defendant County of Nassau to produce the personnel records of the individual defendants for in camera inspection. The plaintiffs satisfied their initial burden of making a good faith showing of some factual predicate supporting the disclosure (see, Civil Rights Law § 50-a [2]; People v Gissendanner, 48 NY2d 543, 550; Zarn v City of New York, 198 AD2d 220; Becker v City of New York, 162 AD2d 488, 489-490; Taran v State of New York, 140 AD2d 429, 432; Cox v New York City Hous. Auth., 105 AD2d 663, 664).

We have reviewed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.