[634 NYS2d 559]

In the Matter of HUDSON FALLS CENTRAL SCHOOL DISTRICT, Appellant, v SARATOGA COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Respondent.

Third Department, November 30, 1995

APPEARANCES OF COUNSEL

*Bartlett, Pontiff, Stewart & Rhodes, P. C.,* Glens Falls *(J. Lawrence Paltrowitz* of counsel), for appellant.

*Snyder, Kiley, Toohey & Corbett,* Saratoga Springs *(Michael J. Toohey* of counsel), for respondent.

### OPINION OF THE COURT

MERCURE, J.

In 1992, respondent passed an inducement resolution conditionally authorizing the issuance of industrial development revenue bonds to provide financing for Adirondack Hydro Development Corporation's proposed project for construction and installation of a hydroelectric power generating facility on property in the Town of Moreau, Saratoga County, situated wholly within the boundaries of the Hudson Falls Central School District. The following year, respondent and Adirondack Hydro entered into a preliminary financing agreement, and in January 1994, respondent passed a bond resolution for the project and consented to an assignment of Adirondack Hydro's contract rights to Northern Electric Power Company. Northern Electric subsequently entered into a payment in lieu of taxes (hereinafter PILOT) agreement with respondent, providing for PILOT payments based upon its gross revenues, with established annual minimum payments ranging from $123,000 to $175,000 in the first 10 years of operation and from $423,000 to $514,000 in years 11 to 15.

Finally, on April 6, 1994, respondent passed a resolution providing for allocation of the agreed PILOT payments among the affected taxing authorities. Under the terms of the resolution, the prescribed minimum PILOT payments were to be distributed 82% to petitioner and 18% to the Town of Moreau. As for the PILOT payments received in excess of the stated minimum, respondent was to receive the first $15,000, with the balance to be distributed pro rata to the Town of Moreau, the County of Saratoga and the South Glens Falls Central School District, "based on their respective tax rates' share of the combined tax rates".

In July 1994, petitioner commenced this CPLR article 78 proceeding alleging, *inter alia*, that respondent's allocation of

the PILOT payments to the South Glens Falls Central School District, a taxing authority having no connection to the property in question, was arbitrary, capricious and without a rational basis. Supreme Court concluded that respondent's determination to distribute PILOT payments in excess of existing tax revenues on the property " 'in a manner that provides the greatest benefits to the residents and [taxpayers] of the Town of Moreau and County of Saratoga' " justified the distribution of PILOT payments to the South Glens Falls Central School District, a local taxing district within the Town of Moreau. Supreme Court accordingly dismissed the petition. Petitioner now appeals.

We are constrained to reverse Supreme Court's judgment and grant the petition. In our view, the essential (although not exclusive) purpose for payments in lieu of taxes is to reimburse affected taxing authorities for revenue lost by virtue of the real property tax exemption afforded industrial development agency projects (*see,* General Municipal Law § 858 [15]; *Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency,* 196 AD2d 334; *Counties of Warren & Washington Indus. Dev. Agency v Boychuck,* 109 AD2d 1024, *lv denied* 65 NY2d 603). Prior to the addition of the new subdivision (15) to General Municipal Law § 858 (*see,* L 1993, ch 356, § 7) and upon a showing that an affected tax jurisdiction had conferred additional benefits upon the project, we upheld an industrial development agency's distribution of payments in lieu of taxes other than in direct proportion to the amount of real estate or other taxes that the affected tax jurisdictions would have received but for the project's tax exempt status (*see, Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency, supra*). In this case, however, it is undisputed that the South Glens Falls Central School District is not an affected tax jurisdiction. It conferred no benefit upon the project and would have derived no revenue from the project had it been subject to real estate taxation. As such, there is no legal or logical basis for a distribution of PILOT payments to it.

We are not at all persuaded that respondent's generalized purpose of benefiting Saratoga County and its residents and, as with all industrial development agencies, of promoting economic welfare, recreation, commerce and industry throughout the State, provides justification for a distribution of PILOT payments to an entity that has no connection to the subject real estate or to the funded project. Neither respondent nor the dissent has provided any persuasive authority or reasoning

to support the outright gift made in this case. Under the circumstances, we conclude that respondent's resolution providing for distribution of PILOT payments to the South Glens Falls Central School District is irrational.

Petitioner's additional contentions have been considered and rejected.

MIKOLL, J. (dissenting). We respectfully dissent. In our view there is a logical basis for and no legal impediment to the distribution of PILOT payments to the South Glens Falls Central School District as determined by respondent. The County of Saratoga, the Town of Moreau and necessarily their residents and taxpayers lost significant tax revenues in order to attract the project to Saratoga County. School district tax revenues are generated through a tax on real property within the district, here located in the Town of Moreau, Saratoga County. As the amount to be raised by taxation on real property has a practical limit the South Glens Falls Central School District is affected by revenues lost due to the financing of the project. Thus, tax relief to the South Glens Falls Central School District is in essence a benefit to the residents and taxpayers of the Town of Moreau, the County of Saratoga and the South Glens Falls Central School District. Thus, the School District is connected financially to the project. The rationale of this Court's decision in *Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency* (196 AD2d 334, 336) supports this view (*see, Counties of Warren & Washington Indus. Dev. Agency v Boychuck*, 109 AD2d 1024, 1026, *lv denied* 65 NY2d 603). Consequently, we would conclude that the allocation of the PILOT payments is consistent with statutory purposes and not arbitrary, capricious, irrational or an abuse of discretion. Accordingly, we would affirm Supreme Court's judgment.

CARDONA, P. J., and CASEY, J., concur with MERCURE, J.; MIKOLL and WHITE, JJ., dissent in a separate opinion by MIKOLL, J.

Ordered that the judgment is reversed, on the law, with costs, petition granted and respondent's Resolution No. 425, passed April 6, 1994, is hereby annulled.