■ In the Matter of RICHARD W. DUNNIGAN, Appellant, v WAVERLY POLICE DEPARTMENT, Respondent. [719 NYS2d 399] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered January 13, 2000 in Tioga County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to name and join a necessary party.

Prior to September 1989, John Derrig was employed as a police officer by respondent. Thereafter, he worked as a detective for the Canandaigua Police Department and, in that capacity,

investigated petitioner as a suspect in a robbery and assault occurring in September 1989 in the City of Canandaigua, Ontario County. As a result of that investigation, petitioner was indicted and convicted of the crimes of burglary in the first degree, robbery in the second degree, grand larceny in the fourth degree, and assault in the second degree; he was sentenced to a prison term of 12 to 24 years (*see, Dunnigan v Keane*, 137 F3d 117, 120-121, *cert denied* 525 US 840).

On June 10, 1999, petitioner submitted a written request to respondent under the Freedom of Information Law (Public Officers Law art 6) for certain personnel records of Derrig, specifically those pertaining to disciplinary actions. Respondent denied the request on the basis that the records were protected from public disclosure by Civil Rights Law § 50-a. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking an order directing respondent to furnish the records. Respondent served an answer and moved to dismiss the petition on the ground that, *inter alia*, petitioner failed to join Derrig as a necessary party in the proceeding. Supreme Court granted the motion resulting in this appeal.

Under Public Officers Law § 87 (2) (a), an agency may deny access to public records which "are specifically exempted from disclosure by state or federal statute." Civil Rights Law § 50-a (1) provides, with respect to the personnel records of police officers, as follows: "All personnel records, used to evaluate performance toward continued employment or promotion * * * shall be considered confidential and not subject to inspection or review without the express written consent of such police officer * * * except as may be mandated by lawful court order." "The legislative purpose [behind the statute] was to prevent disclosure of officers' personnel records except when a legitimate need for them has been demonstrated sufficiently to obtain a court order" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 155). Thus, the initial burden is on the party seeking the subject records to demonstrate "in good faith, 'some factual predicate' warranting the intrusion into the personnel records" (*Taran v State of New York*, 140 AD2d 429, 432, quoting *People v Gissendanner*, 48 NY2d 543, 550; *see, People v Henry*, 242 AD2d 877, *lv denied* 91 NY2d 834; *Flores v City of New York*, 207 AD2d 302, 303). "This threshold requirement is designed to eliminate fishing expeditions into police officers' personnel files for collateral materials to be used for impeachment purposes [citation omitted]" (*Zarn v City of New York*, 198 AD2d 220, 220-221).

We agree with Supreme Court that Derrig is a necessary

party to this proceeding inasmuch as Civil Rights Law § 50-a (2) specifically provides that, in reviewing requests for disclosure of police personnel records, the court shall "give interested parties the opportunity to be heard" and Derrig stands to be inequitably affected by any judgment rendered in the proceeding (see, CPLR 1001 [a]).

In any event, even if Derrig had been joined in this proceeding, petitioner has not satisfied his burden of establishing entitlement to disclosure of the requested records. In his supporting papers, petitioner made allegations that Derrig, while employed by respondent, was involved in misconduct involving a prominent member of the community resulting in adverse employment action. Significantly, however, petitioner has failed to show how the requested personnel records are relevant to his claims of improprieties allegedly committed by Derrig during his criminal trial and further concedes that any action or claim he may have against Derrig or the City of Canandaigua is now time barred. Under the particular circumstances presented herein, we conclude that the petition was properly dismissed.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.