DANIEL W. PETROSKI, Plaintiff, v DEBRA J. PETROSKI, Respondent. TOWN OF CHEEKTOWAGA, Appellant. [775 NYS2d 716]—

Appeal from an order of the Supreme Court, Erie County

(Marjorie C. Mix, J.H.O.), entered April 11, 2003. The order granted defendant's motion to compel the Town of Cheektowaga and the Cheektowaga Police Department to produce the police personnel/internal affairs file of plaintiff.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: This appeal arises out of a postdivorce proceeding initiated by defendant, Debra J. Petroski, and in which plaintiff, Daniel W. Petroski, cross-moved for an order transferring custody of the parties' three minor children from Debra to him. In connection with that cross motion, Debra sought the production by appellant, the Town of Cheektowaga (Town), and the Cheektowaga Police Department, Daniel's former employer, of Daniel's entire police personnel/internal affairs file (file), on the ground that the contents of the file are relevant to the custody dispute.

Initially, we conclude that the Town has standing to maintain this appeal from an order directing it to "produce any and all information contained in the" file and further directing that the file "be turned over to [Supreme] Court for an *in camera* review to determine relevance" (*see Brady v Ottaway Newspapers,* 97 AD2d 451 [1983], *affd* 63 NY2d 1031 [1984]; *see also* CPLR 5511). We conclude, however, that Debra demonstrated a sufficient "factual predicate" to warrant production of the file for the court's in camera review and determination whether the information contained therein is relevant and material to the issue of child custody (*Flores v City of New York,* 207 AD2d 302, 303 [1994]; *see generally Dunnigan v Waverly Police Dept.,* 279 AD2d 833, 834 [2001], *lv denied* 96 NY2d 710 [2001]; *Zarn v City of New York,* 198 AD2d 220, 220-221 [1993]; *Taran v State of New York,* 140 AD2d 429, 432 [1988]; *see also* Civil Rights Law § 50-a [2], [3]). Contrary to the Town's reading of the order, we do not construe it as failing to provide for an in camera review of the documents by the court before they may be disclosed to Debra's counsel. We make clear, in any event, that the statute explicitly requires that the court undertake an in camera review to determine "whether the records are relevant and material in the action" before the court may make "those parts of the record found to be relevant and material available to the person[ ] so requesting" (Civil Rights Law § 50-a [3]; *see Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145, 154 [1999]; *People v Gissendanner,* 48 NY2d 543, 551 [1979]; *see also Matter of Thomas v New York City Tr. Police Dept.,* 91 AD2d 898, 899 [1983]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.