■ Marcus Telesford, Respondent, v Raymond W. Patterson, as FOIL Appeal Officer, Civilian Complaint Review Board, Appellant. [812 NYS2d 52]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered January 7, 2004, which directed respondent to produce an audiotape of an interview conducted by the Civilian Complaint Review Board with a police officer and denied respondent's cross motion to dismiss the petition, and order, same court and Justice, entered May 5, 2004, which, after in camera review of the record, granted the petition and directed respondent to disclose the tape recording, unanimously reversed, on the law, without costs, the cross motion granted and the petition dismissed.

Petitioner is currently an inmate at Wende Correctional Facility, in Erie County, New York. On February 1, 2003, he made a request, pursuant to the Freedom of Information Law (FOIL), for the production of an audiotaped interview, made by the Civilian Complaint Review Board (CCRB), of the police officer against whom petitioner filed an excessive force complaint. Respondent, the FOIL appeal officer for the CCRB, denied petitioner's request on February 5, 2003, on the grounds that the tape recording was part of an investigative file concerning the officer and could not be disclosed without the officer's consent or by court order.

Petitioner appealed the denial by letter, advising respondent that the tape was the subject of criminal litigation. He attached to the letter a partial transcript of proceedings in Supreme

Court, Kings County, made during his criminal trial, in which Justice Barros directed the District Attorney to produce the tape. On February 20, 2003, respondent denied petitioner's appeal on the same grounds as the initial denial. In addition, respondent advised petitioner that a partial transcript did not constitute a lawful court order. Moreover, respondent advised petitioner that Justice Barros's direction was addressed to the District Attorney in the context of a criminal proceeding, not to the CCRB.

On or about May 7, 2003, petitioner pro se commenced the instant proceeding seeking disclosure of the tape. He again made reference to Justice Barros's direction to the District Attorney and asserted the tape was never turned over. Respondent cross-moved to dismiss the petition for failure to state a cause of action, arguing that the officer's records are confidential under Civil Rights Law § 50-a and are exempt from FOIL disclosure.

The IAS court issued an order dated December 17, 2003, directing respondent to provide the recording for an in camera inspection. While the court agreed that CCRB records fall within the ambit of Civil Rights Law § 50-a, and thus fall within the ambit of the protection afforded police personnel records, it concluded that petitioner made an adequate showing that the tape relates to the "incident in question" and thus warranted an in camera inspection. The court made particular note of petitioner's assertion that the tape was needed for the appeal of his criminal conviction, particularly in regard to the issue of his arrest.

Although the court acknowledged that pursuant to the provisions of Civil Rights Law § 50-a, all interested parties must be given the opportunity to be heard before a court issues an order regarding records covered by that section, it concluded that "respondent was on notice of the motion to compel disclosure of the audiotape and has failed to request a full hearing before the court, thereby waiving the right to such a hearing." It further rejected respondent's contention that the petition must be dismissed due to petitioner's failure to name the CCRB as a party, in addition to the records officer, noting that the substance of the pro se application made it apparent that respondent was being sued in his representative capacity and concluded that CCRB is therefore deemed to have been on notice of the proceeding. After conducting the in camera review, the court determined that the tape did not fall within any cognizable exemption to FOIL, granted the petition and directed that the tape be disclosed to petitioner.

Public Officers Law § 87 (2) (a) permits an agency to deny ac-

cess to public records that "are specifically exempted from disclosure by state or federal statute." Civil Rights Law § 50-a (1) exempts from disclosure personnel records of police officers without the express written consent of the subject officer or a lawful court order. Prior to issuing an order for an in camera review of an officer's personnel records, the court must give "interested parties the opportunity to be heard" and the inspection may be conducted only upon "a clear showing of facts sufficient to warrant the judge to request records for review" (Civil Rights Law § 50-a [2]). The initial burden therefore is on the party seeking disclosure to demonstrate "in good faith, 'some factual predicate' warranting the intrusion into the personnel records of" the officer (*Taran v State of New York*, 140 AD2d 429, 432 [1988]; *see also People v Gissendanner*, 48 NY2d 543, 550 [1979]).

The IAS court noted that the police officer whose records were the subject of this application is an interested party, but inexplicably drew the conclusion that notice of the proceedings to the FOIL appeals officer of the CCRB was somehow notice to him. The court, as noted, then went on to hold that the officer, by not requesting a full hearing, waived his right in this regard.

CPLR 1001 (a) provides: "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." The failure to join a necessary party "is a ground for dismissal of an action without prejudice" (CPLR 1003).

There is no question the police officer is a necessary party to this proceeding, as he "stands to be inequitably affected by any judgment rendered in this proceeding" (*Matter of Dunnigan v Waverly Police Dept.*, 279 AD2d 833, 835 [2001], *lv denied* 96 NY2d 710 [2001]). The record reflects that the officer was not named as a respondent, nor was he given notice of these proceedings by any method authorized by the CPLR. Notice to the FOIL appeals officer of the CCRB does not constitute notice to the police officer. There is no unity of interest between them and, in fact, their interests may very well be divergent.

Since the officer was not given notice of, nor joined as a party to, this proceeding, it was impossible for him to have asserted or waived his right to a full hearing prior to the court's in camera review of his personnel records. The petition must therefore be dismissed without prejudice (CPLR 1003). Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.