■ In the Matter of RYE POLICE ASSOCIATION, Appellant, v CITY OF RYE, Respondent. [824 NYS2d 163]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the respondent dated January 15, 2004, denying, without a hearing, the petitioner's request under the Freedom of Information Law (Public Officers Law art 6) that the respondent produce for inspection and copying all reports prepared by Robert V. Kearon, the petitioner appeals from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered January 11, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner requested the respondent to produce certain documents for inspection and copying under the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). The respondent denied the request on the ground that the documents were privileged attorney-client information (*see* CPLR 4503), and therefore, pursuant to Public Officers Law § 87 (2) (a), the documents were exempt from the general requirement of FOIL that the public be given access to records.

After an in camera review of the subject documents, the Supreme Court correctly concluded that the documents were exempt from disclosure under the attorney-client privilege. The documents sought, "reports from Robert V. Kearon," were "primarily and predominantly legal in nature and, in their full content and context, were made to render legal advice or services" (*All Waste Sys. v Gulf Ins. Co.,* 295 AD2d 379, 380 [2002]; *see Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371 [1991]; *Rossi v Blue Cross & Blue Shield of Greater N.Y.,* 73 NY2d 588 [1989]; *Kraus v Brandstetter,* 185 AD2d 300 [1992]; *see also AG-Energy, L.P. v Niagara Mohawk Power Corp.,* 265 AD2d 255 [1999]).

In view of our determination that the attorney-client privilege

is applicable, we need not reach the petitioner's remaining argument that Supreme Court should have held a hearing on the Civil Rights Law § 50-a alternate basis asserted by the respondent for denial of access to the documents in question. In any event, we conclude that the petitioner failed to meet its initial burden of demonstrating entitlement to access to the documents pursuant to Civil Rights Law § 50-a (*see Telesford v Patterson,* 27 AD3d 328 [2006], citing *Taran v State of New York,* 140 AD2d 429 [1988]). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.