Tanenbaum, J.
(dissenting and voting to reverse the judgments of conviction and remit the matter to the Justice Court for a new trial, in the following memorandum).
The Justice Court should have granted defendant’s motion for an in camera inspection of the personnel file of the building inspector, the prosecution’s only witness. Defendant’s offer of proof, which was not controverted, included information that the inspector had been the subject of official reprimands, and of a professional misconduct investigation, which was settled, before defendant’s trial, by the inspector’s retirement, whereupon all charges were discontinued with prejudice. Given the importance of the witness’s credibility and the possibility that the file contains matters relevant to the witness’s impeachment, the offer of proof sufficed to require that the Justice Court undertake the appropriate review, and the failure to do so denied defendant a fair trial (see e.g. People v Rahming, 26 NY2d 411, 419 [1970]; Flores v City of New York, 207 AD2d 302, 303 [1994]). Accordingly, the judgments of conviction should be reversed and a new trial ordered.
I further note that, in addition to the discovery error, the facts and circumstances surrounding this prosecution raise a significant question as to its propriety. Defendant, whose family had been the subject of neighborhood hostility, duly applied for a permit for the reconstruction of a deck and related structures, and submitted a check in payment which was rejected. While such applications are routinely granted, hers was denied on the basis of a wetlands violation, the significance of which, in connection with the construction of a deck, was never explained. Subsequent to the permit’s denial, defendant vacated the premises, leaving her estranged spouse in occupancy, and, at some point thereafter, work to proper and safe specifications commenced on the deck and continued notwithstanding the posting of stop work orders. The record reveals no indication that defendant had any knowledge of the non-permitted construction, much less that defendant had any intent that construction occur without the Town’s approval, mental states that generally are required for a criminal conviction. In my view, under the circumstances presented, this prosecution repre *28 sents an improvident exercise of prosecutorial discretion. The charges against defendant addressed issues implicating private, not public, land use, and otherwise served no compelling governmental interest, for example, to prevent the culpable from avoiding liability by the purported absence of mens rea or scienter.
Nicolai, EJ., and Lacaya, J., concur; Tanenbaum, J., dissents in a separate memorandum.