■ In the Matter of WAGNER & STOLL, LLC, Respondent, v CITY OF SCHENECTADY et al., Respondents. SCHENECTADY CITY SCHOOL DISTRICT, Proposed Intervenor-Appellant. (And Another Related Proceeding.) [967 NYS2d 238]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 12, 2012 in Schenectady County, which, in two proceedings pursuant to RPTL article 7, among other things, granted petitioner's motion to direct the Schenectady

City School District to refund certain payments made by petitioner.

In March 1999, petitioner entered into a payment in lieu of taxes (hereinafter PILOT) agreement with the City of Schenectady Industrial Development Agency with respect to certain real property that was exempt from real property taxes (*see* General Municipal Law § 874; RPTL 412-a).[1] Under the PILOT agreement, petitioner was obligated to make annual payments to various taxing entities, including the Schenectady City School District, and the amount of those payments was based upon the assessment of the property as determined by the assessor of respondent City of Schenectady. The PILOT agreement also provided for arbitration of any disputes with regard to the assessed value of the property. In 2009, petitioner filed a grievance with respondent Board of Assessment Review of the City of Schenectady and requested that the assessment on the property be reduced. Following the Board's denial of such request, petitioner commenced these two RPTL article 7 proceedings for the tax years 2009 and 2010, alleging that the assessment was excessive and unequal. Petitioner provided notice of both petitions to the school district (*see* RPTL 708 [3]). The school district did not move to intervene or otherwise appear in the proceedings at that time (*see* RPTL 712 [2-a]).

Approximately two years later, in July 2011, Supreme Court issued an order memorializing a stipulation between the City and petitioner to reduce the assessed value of the property. The order further required the City and various other taxing entities, including the school district, to refund to petitioner "excess taxes" paid. The City thereafter refunded to petitioner the excess amount that it was paid pursuant to the PILOT agreement for the years 2009 and 2010. The school district, however, refused to make any refund to petitioner asserting, among other things, that "excess taxes" did not include payments made pursuant to the PILOT agreement.

Consequently, petitioner moved to resettle Supreme Court's

1. As relevant here, a tax is "a charge imposed upon real property by or on behalf of a county, city, town, village or school district for municipal or school district purposes" (RPTL 102 [20]). A PILOT is defined as a "payment made to an . . . affected tax jurisdiction equal to the amount, or a portion of, real property taxes . . . which would have been levied by or on behalf of an affected tax jurisdiction if the project was not tax exempt" (General Municipal Law § 854 [17]). The "essential (although not exclusive) purpose for [PILOT payments] is to reimburse affected taxing authorities for revenue lost by virtue of the real property tax exemption afforded industrial development agency projects" (*Matter of Hudson Falls Cent. School Dist. v Saratoga County Indus. Dev. Agency*, 217 AD2d 330, 332 [1995], *affd* 88 NY2d 1026 [1996]).

July 2011 order to direct the school district to refund the excess payments made by petitioner under the PILOT agreement for the 2009 and 2010 tax years. The school district cross-moved for permission to intervene pursuant to RPTL 712 and to oppose petitioner's motion. Citing the school district's "recalcitrance" in its challenge to the RPTL article 7 petitions, Supreme Court denied the school district's cross motion to intervene.[2] Additionally, the court granted petitioner's motion and directed the school district to refund to petitioner excess payments made under the PILOT agreement for 2009 and 2010. The court also directed the school district to issue a corrected 2011-2012 PILOT bill using the reduced assessment.[3] The school district now appeals.

We affirm. Initially, we are unpersuaded by petitioner's claim that the school district lacks standing to pursue this appeal. The school district is clearly aggrieved by the order on appeal, which not only denied its cross motion to intervene, but also affirmatively required it to make refund payments to petitioner (*see* CPLR 5511; *Petroski v Petroski*, 6 AD3d 1194, 1195 [2004]; *Brady v Ottaway Newspapers*, 97 AD2d 451, 452 [1983], *affd* 63 NY2d 1031 [1984]).

Turning to the merits of the appeal, we reject the school district's contention that the PILOT agreement's arbitration clause prevents petitioner from seeking a refund of payments made pursuant to the PILOT agreement in the context of an RPTL article 7 proceeding. It is undisputed that the school district was not a party to the PILOT agreement and the City did not assert any challenge to petitioner's use of an RPTL article 7 proceeding to challenge the assessment of the property. As a result, the arbitration clause was waived (*compare Matter of Birchwood Vil. LP v Assessor of the City of Kingston*, 94 AD3d 1374, 1375 [2012]).

The school district's primary argument on appeal is that the instant proceedings sought a refund of excess taxes—not payments made under the PILOT agreement—and, as a result, the school district had no obligation to refund any payments it received from petitioner. Indeed, the school district contends that such a refund could not be compelled in an RPTL article 7

---

**2.** Nonetheless, Supreme Court provided the school district with an opportunity to be heard in connection with the applications before it.

**3.** At the time the parties appeared before Supreme Court on the motion and cross motion, petitioner was replaced under the PILOT agreement by Schenectady Industrial Properties, LLC, which was permitted to submit papers in support of petitioner's motion and argued that the agreed-upon assessed value of the property was also applicable to the 2011 tax year.

proceeding. The school district also argues that, inasmuch as the RPTL article 7 petitions did not reference the PILOT agreement or a refund of payments made thereunder, the school district did not receive adequate notice of petitioner's intent to seek a refund of the excess payments made under the PILOT agreement. Supreme Court rejected the school district's claim of lack of notice and also rejected as untimely its challenge to petitioner's use of an RPTL article 7 proceeding to seek a PILOT refund. We concur in both respects.

The school district received notice of the RPTL article 7 petitions, which expressly challenged the assessed value of the property and sought return of excess money paid in connection therewith. While the petitions did not specify that petitioner sought return of excess payments made under the PILOT agreement—as opposed to tax payments—the school district was aware that the subject property was exempt from taxation and that payments were made in connection with the PILOT agreement based on the property's assessed value. The school district was in possession of a copy of the PILOT agreement and had computed its PILOT bill annually. Simply put, we are unconvinced by the school district's argument that the RPTL article 7 petitions were not sufficient to advise the school district that petitioner was challenging the basis on which the payments due under the PILOT agreement were being calculated or that petitioner was seeking a refund for any excess payments made under such agreement. Therefore, the school district should have asserted its challenge to the relief requested in the RPTL article 7 proceedings long before petitioner and the City stipulated to settle those proceedings and Supreme Court issued the order incorporating such stipulation.

Finally, the school district challenges that part of Supreme Court's order which directed it to issue a corrected 2011 tax bill because petitioner did not file a petition challenging the assessment for that year. RPTL 727 places a three-year repose period upon judicially determined assessments (*see Matter of Corporate Woods 11, LP v Board of Assessment Review of the Town of Colonie*, 83 AD3d 1250, 1253 [2011], *lv denied* 17 NY3d 707 [2011]). Relying on that statute, Supreme Court concluded that the 2011 PILOT bill should be based upon the reduced assessment. However, the school district asserts that, for RPTL 727 to apply, petitioner was required to challenge the 2011 assessment while the 2009 and 2010 petitions were pending (*see generally Matter of Scellen v Assessor for City of Glens Falls*, 300 AD2d 979 [2002]).

Although no RPTL article 7 petition was filed for 2011, the

parties' stipulation reflected their agreement that the reduced assessment would apply to the two years that were the subject of the RPTL article 7 petitions, as well as the three-year period thereafter. Further, at the time the settlement was reached, Schenectady Industrial Properties, LLC filed a challenge to the 2011 assessment with the Board. No RPTL article 7 proceeding could have been commenced with respect to that assessment until the "final completion and filing of the [2011] assessment roll" (RPTL 702 [2]). However, by the time the 2011 assessment roll was filed, no purpose would have been served by commencing such a proceeding because the final assessment for 2011 had already been reduced in accordance with the parties' stipulation (*compare Matter of Scellen v Assessor for City of Glens Falls*, 300 AD2d at 979). As a result, we discern no basis to disturb Supreme Court's order.

To the extent not specifically addressed herein, the school district's remaining claims have been considered and found to be either academic in light of our decision or unpersuasive.

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.