■ VGFC REALTY II, LLC, Respondent, v CARMINE P. D'ANGELO et al., Defendants, and QBE INSURANCE GROUP, Appellant. [980 NYS2d 505]—

---

In an action, inter alia, for a judgment declaring that the defendant QBE Insurance Group is obligated to defend and indemnify the plaintiff in an underlying action entitled *Guminiak v VGFC Realty II, LLC*, commenced in the Supreme Court, Queens County, under Index No. 25170/08, the defendant QBE Insurance Group appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered February 25, 2013, as granted those branches of the plaintiff's motion which were to compel it to disclose documents designated in its privilege log as GBE 0257-0260, GBE 0290-0292, and GBE 0330-0338.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were to compel the defendant QBE Insurance Group to disclose documents designated in its privilege log as GBE 0257-0260, GBE 0290-0292, and GBE 0330-0338 are denied.

The Supreme Court should have denied those branches of the

plaintiff's motion which were to compel the appellant to disclose documents designated in its privilege log as GBE 0257-0260, GBE 0290-0292, and GBE 0330-0338, as those documents were absolutely immune from disclosure pursuant to the attorney-client privilege (*see* CPLR 3101 [b]; *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 376 [1991]). The subject documents, which were submitted to the Supreme Court for in camera review, were primarily and predominantly legal in nature, and were made in order to render legal advice or services (*see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d at 378-379; *Matter of Rye Police Assn. v City of Rye*, 34 AD3d 591, 591 [2006]; *All Waste Sys. v Gulf Ins. Co.*, 295 AD2d 379, 380 [2002]). Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.