OPINION OF THE COURT
Matthew J. D’Emic, J.
Upon notice to the New York City Police Department (NYPD) and the Civilian Complaint Review Board (CCRB), the defendant applies, pursuant to Civil Rights Law § 50-a and CPL 610.20 (3), for the court to issue so-ordered subpoenas duces tecum directing (1) the NYPD to produce for the court’s inspec *190 tion under seal the disciplinary records and all NYPD Internal Affairs Bureau (IAB) records and documents pertaining to six named NYPD detectives; and (2) the CCRB likewise to produce for the court’s in camera inspection all of its records and documents relating to each of these six NYPD detectives. The proposed subpoenas also direct the NYPD and CCRB to produce records relating to certain enumerated lawsuits claiming official misconduct by these detectives.
The defense is seeking these records on the ground that they “contain evidence that is relevant and material to Shakein Cook’s trial.” In his supporting affirmations, counsel for Mr. Cook indicates that it is imperative that the CCRB and IAB records relating to these detectives be made available as they are crucial to his defense. The defense alleges that each of the named detectives “played a significant role in the investigation [of the murder(*) with which Mr. Cook and his codefendant herein stand charged]” and in the “wrongful arrest of Shakein Cook” and that the credibility of these police officers, who have been subject to various civil actions alleging serious police misconduct (resulting in plaintiffs’ recoveries in excess of $870,000), will be central to Mr. Cook’s defense.
Having been served with notice of the defendant’s application and the proposed subpoenas, the NYPD and the CCRB each object to producing this confidential material. The named individuals who are the subject of these applications, NYPD Detectives Joseph Tallarine, Matthew Collins, Malcolm Bell, Rene Orrego, Christopher Hennigan, and Waldo Cuba, were not given notice of defendant’s production requests directed at their personnel records.
Under Civil Rights Law § 50-a, the personnel records of a police officer are deemed “confidential and not subject to inspection or review without the express written consent of such police officer . . . except as may be mandated by lawful court order” (Civil Rights Law § 50-a [1] [emphasis supplied]).
There is no question that this statute governs applications for the release of such documents and records as are herein being sought from the NYPD and CCRB.
The statute provides that, upon a proper showing, but only after giving “interested parties the opportunity to be heard,” a judge may order “that the personnel records in question be *191 sealed and sent directly to him [to conduct an in camera review] . . . and make a determination as to whether the records are relevant and material in the action before him” (Civil Rights Law § 50-a [2], [3]). If it so finds, “the court shall make those parts of the record found to be relevant and material available to the persons so requesting” (Civil Rights Law § 50-a [3]; see also People v Gissendanner, 48 NY2d 543, 551 [1979]).
It has been held, and this court also so finds here, that each of the detectives whose confidential records are being sought is an “interested party” who must be given an opportunity to be heard by the court upon an application for disclosure of such records under Civil Rights Law § 50-a (see Telesford v Patterson, 27 AD3d 328, 330 [1st Dept 2006]; Matter of Dunnigan v Waverly Police Dept., 279 AD2d 833, 834-835 [3d Dept 2001], lv denied 96 NY2d 710 [2001]).
Since it does not appear that the defense served a copy of its applications and proposed subpoenas upon any of the named detectives and, therefore, none have been given notice of the personnel record requests or afforded the opportunity to be heard thereon, the court concludes that the subpoena applications must be denied on the ground that six interested, necessary parties to the application have been left out of the proceedings.
The court further finds, as contended by both the NYPD and CCRB, that the applications are deniable on the merits, as to all of the records requested.
As the Court of Appeals instructs in Gissendanner,
“when a defendant shows a likelihood that the witness’ prior criminal or disciplinary record may provide a motive to falsify, disclosure of this information has been held warranted. Also, when prior bad acts allegedly contained within disciplinary or personnel records bear peculiar relevance to the circumstances of the defendant’s case, detailed cross-examination and disclosure, usually after an in camera inspection, have been permitted” (Gissendanner at 549 [citations omitted]).
Here, by contrast, beyond indicating that each of the detectives has been accused of serious misconduct, the defendant has not indicated what information he believes exists in their personnel files which might be exculpatory or would otherwise be material and relevant to his case. Further, while asserting that Mr. Cook was wrongfully arrested and that there was *192 police misconduct in this case, counsel provides no factual elaboration of these assertions, much less shows how material in the personnel records or information about the civil lawsuits filed against the detectives and New York City will help establish these claims or might bear upon these allegations and the ultimate question of guilt.
Upon its review of the defendant’s papers, the court finds that the defense has not made a sufficient predicate factual showing that the information sought is material and relevant to defendant’s case as would warrant this court to request the records for its in camera review for potential release to the defense (see Civil Rights Law § 50-a [3], [2]). On the contrary, the defendant’s application here is more akin to a “fishing expedition” into confidential records, as has been condemned by the courts (see Gissendanner at 547; see also Zarn v City of New York, 198 AD2d 220 [2d Dept 1993]). The hope of discovering some discrediting information does not justify review of confidential police files (see People v Harris, 121 AD2d 788, 789 [3d Dept 1986], lv denied 68 NY2d 770 [1986]).
Accordingly, the court declines to issue any of the subpoenas directing the production of NYPD and CCRB files pertaining to any of the named NYPD detectives and the defendant’s applications pursuant to Civil Rights Law § 50-a are denied in their entirety.

* Mr. Cook and codefendant Jeremiah Davis are charged with a July 12, 2012 gang shooting of Kevin Daughtry, who later died on August 2, 2013 from his injuries.