■ EDWARD A. FRISILLO, Respondent, v STATE OF NEW YORK, Appellant. GARY S. SCHULTZ, Nonparty Appellant. (Claim No. 81659.)—Order unanimously affirmed without costs. Memorandum: In this Court of Claims action, claimant demanded disclosure of investigative reports related to his arrest by a State Police officer. Defendant responded that there was a report but that it was confidential. Claimant then moved to compel disclosure. Upon claimant's application, the court reviewed the report in camera and ordered disclosure. We reject defendant's contention that the court should not have ordered disclosure because the personal service on the officer was defective. The court first ordered that the officer be personally served with an order to show cause and later granted an ex parte order nunc pro tunc, pursuant to CPLR 308 (5), ratifying service "by delivering to the home of [the State Police officer] and leaving it there." The court should not have granted that motion because claimant failed to establish that service was impracticable under CPLR 308 (1), (2) or (4) *(see,* CPLR 308 [5]; *Lukash v O'Connell,* 138 AD2d 957, 958; *Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283). The error, however, is without

consequence. The statute does not require that an interested officer be personally served with notice,. but requires only that the officer be given an opportunity to be heard *(see,* Civil Rights Law § 50-a). Here, it is uncontroverted that the officer had notice of the proceeding. Thus, although the officer may not have been personally served with notice, he was afforded the opportunity to be heard in compliance with the statute.

We have examined defendant's other contention and find it also to be without merit. (Appeals from Order of Court of Claims, Israel Margolis, J.—Discovery.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.