■ JOHN MARAIA et al., Respondents, v ORANGE REGIONAL MEDICAL CENTER, Appellant, et al., Defendants. [882 NYS2d 287]—

In an action, inter alia, for a judgment declaring that the defendants violated Public Health Law § 2818, the defendant Orange Regional Medical Center appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated September 19, 2008, which denied its cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it and granted the plaintiffs' motion for a preliminary injunction restraining it from allowing electrical work to be performed on a certain project for the construction of a new hospital.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the cross motion of the defendant Orange Regional Medical Center pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against it is granted, and the plaintiffs' motion for a preliminary injunction is denied.

The plaintiffs are an electrical contractor, the president of an association of electrical contractors, and the business manager of a labor union of electricians. The plaintiffs commenced the instant action against, among others, the defendant Orange Regional Medical Center (hereinafter ORMC) and the New York State Department of Health (hereinafter the DOH) for a judgment declaring that they violated Public Health Law § 2818 by failing to bid the electrical work for the construction of a new hospital (hereinafter the project) at prevailing wage rates.

ORMC is in the process of closing two hospitals in Orange County and constructing a new hospital facility in Wallkill. The entire cost of the construction project is approximately $306 million. ORMC has issued approximately $261 million in tax-exempt bonds to finance the project. The remainder of the project has been financed by several sources, including a grant from

the DOH pursuant to Public Health Law § 2818, entitled the Health Care Efficiency and Affordability Law of New Yorkers (hereinafter HEAL NY) Capital Grant Program (*see* Public Health Law § 2818). Under a contract between the DOH and ORMC (hereinafter the grant contract), a total of $24.6 million was granted to ORMC for the construction of the new hospital. The grant contract specifically allocated $15 million for new construction costs, and ORMC was required to invest matching funds in the same amount.

After submitting at least one bid invitation for construction work at prevailing wage rates, ORMC subsequently invited bids for electrical work, but indicated that the project was not a prevailing wage project. Five electrical contractors bid on the project, four of which bid at the prevailing wage rates. The remaining contractor, the defendant Rondout Electric, Inc., bid below prevailing wage rates, and was awarded the contract. The plaintiffs assert that Public Health Law § 2818 required the electrical work to be bid as a prevailing wage project.

Public Health Law § 2818 (1) (e) provides, in pertinent part: "Contracts awarded to eligible applicants shall require that work performed thereunder shall be deemed 'public work' and subject to and performed in accordance with articles eight, nine and ten of the labor law and the contractors performing such work shall also be deemed a state agency for the purpose of article fifteen-A of the executive law and subject to the provisions of such article."

As a threshold matter, we must first determine whether the plaintiffs have standing to litigate the instant action. The plaintiff All Bright Electrical Corp. (hereinafter All Bright) bid unsuccessfully for the electrical work, and thus sustained an injury-in-fact since it lost the opportunity to perform the electrical work for the new hospital, and to benefit financially (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d 579, 587 [1998]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 771-774 [1991]). Furthermore, All Bright is within the zone of interests protected by Public Health Law § 2818 since it bid for the contract at the prevailing wage rates, consistent with article 8 of the Labor Law (*cf. Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d at 587). Accordingly, All Bright has standing (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.,* 92 NY2d at 587; *Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth.,* 19 AD3d 284 [2005]). Since the standing of All Bright has been established, it is not necessary to address the standing of the other plaintiffs (*see Saratoga County*

*Chamber of Commerce v Pataki,* 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003]).

Next, we must determine if a private right of action exists under Public Health Law § 2818. Public Health Law § 2818 does not expressly provide for a private right of action. Therefore, relief may be had under the statute only if a legislative intent to create such a right of action is "fairly implied" in the statutory provisions and their legislative history (*see Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d 207, 212 [1990]). In making this determination, "the essential factors to be considered are: (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*Sheehy v Big Flats Community Day,* 73 NY2d 629, 633 [1989]). The Court of Appeals has recognized that the most critical inquiry is whether a private right of action would be consistent with the overall legislative scheme (*see Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.,* 76 NY2d at 212). Here, a private right of action to enforce Public Health Law § 2818 can be fairly implied since All Bright is in the class of those benefitted by the statute, a private right of action would promote the legislative purpose, and a private right of action is not inconsistent with the legislative scheme for resolving prevailing wage disputes under article 8 of the Labor Law (*see* Labor Law § 220).

With respect to the merits, we begin our analysis with the language of the statute (*see Matter of Orens v Novello,* 99 NY2d 180, 185 [2002]), as the statutory text is " 'the clearest indicator of legislative intent' " (*Ragucci v Professional Constr. Servs.,* 25 AD3d 43, 47 [2005], quoting *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583 [1998]; *see Janssen v Incorporated Vil. of Rockville Ctr.,* 59 AD3d 15, 28 [2008]). If the terms of the statute are clear and unambiguous, " 'the court should construe it so as to give effect to the plain meaning of the words used' " (*Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.,* 86 NY2d 198, 204 [1995], quoting *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205, 208 [1976]). The objective of the court in this regard is to "to discern and apply the will of the Legislature, not the court's own perception of what might be equitable" (*Matter of Sutka v Conners,* 73 NY2d 395, 403 [1989]; *see Matter of Orens v Novello,* 99 NY2d at 185).

Upon reviewing the language of Public Health Law § 2818, it

is clear that the phrase "work performed thereunder" means only the work specifically performed under the HEAL NY grant contract. Therefore, the plain meaning of Public Health Law § 2818 is that work performed under the HEAL NY grant contract is deemed public work subject to the prevailing wage provisions of article 8 of the Labor Law, while other work at the project is not. Contrary to the plaintiffs' contention, the prevailing wage requirements of article 8 of the Labor Law do not apply to the entirety of the project. The plain language of the statute reveals that the Legislature did not intend to make an entire project subject to prevailing wages, when only a portion of the project is financed by HEAL NY grant contract funds. If the Legislature had intended such a result, it could have included the appropriate language in the statute (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995]).

Here, the funds received by ORMC under the grant contract were used for construction work that was bid at prevailing wage rates, in accordance with article 8 of the Labor Law, and the complaint does not allege otherwise. Therefore, the plaintiffs failed to state a cause of action alleging a violation of Public Health Law § 2818 (*see* CPLR 3211 [a] [7]). Accordingly, ORMC's cross motion to dismiss the amended complaint insofar as asserted against it should have been granted and the plaintiffs' motion for a preliminary injunction should have been denied. Rivera, J.P., Florio, Belen and Austin, JJ., concur. [*See* 21 Misc 3d 1103(A), 2008 NY Slip Op 51939(U).]