JOHN MARAIA et al., Respondents, v ORANGE REGIONAL MEDICAL CENTER et al., Defendants, and RICHARD F. DAINES, Appellant. [881 NYS2d 321]—

In an action, inter alia, for a judgment declaring that the defendants violated Public Health Law § 2818, the defendant Richard F. Daines, as Commissioner for the New York State Department of Health, appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated October 27, 2008, which denied his motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Richard F. Daines, as Commissioner for the New York State Department of

Health, pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him is granted.

In a companion appeal (*see Maraia v Orange Regional Med. Ctr.,* 63 AD3d 1113 [2009] [decided herewith]), we interpreted Public Health Law § 2818 to require that prevailing wages be paid to workers only on those portions of a project for the construction of a new hospital that were financed with funds granted pursuant to the statute (*see* Public Health Law § 2818). We do not read Public Health Law § 2818 to require prevailing wages to be paid on the entire construction project, such as portions financed by other means. Accordingly, the plaintiffs failed to state a cause of action alleging the violation of Public Health Law § 2818, and the Supreme Court should have granted the motion of the defendant Richard F. Daines, as Commissioner for the New York State Department of Health, to dismiss the amended complaint insofar as asserted against him. Rivera, J.P., Florio, Belen and Austin, JJ., concur. [*See* 21 Misc 3d 1103(A), 2008 NY Slip Op 51939(U).]