◼ In the Matter of DOLORES SEDACCA et al., Appellants, et al., Petitioners-Plaintiffs v EDWARD P. MANGANO, County Executive of Nassau County, et al., Respondents. [911 NYS2d 85]—

In a hybrid proceeding, in effect, pursuant to CPLR article 78 in the nature of prohibition, in effect, to prohibit the County Executive of the County of Nassau, from removing, in the absence of cause, the petitioners/plaintiffs from their positions as Commissioners of the Nassau County Assessment Review Commission prior to the expiration of their statutory terms, and action, in effect, for a judgment declaring that, in the absence of cause, the County Executive of the County of Nassau is without authority to remove Commissioners of the Nassau County Assessment Review Commission from their offices prior to the expiration of their statutory terms, the petitioners/plaintiffs Dolores Sedacca, John R. Lewis, Jr., and Israel Wasser appeal from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated February 4, 2010, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the County Executive of the County of Nassau, notwithstanding the absence of cause, has authority to remove Commissioners of the Nassau County Assessment Review Commission from their offices prior to the expiration of their statutory terms; as so modified, the judgment is affirmed, with costs to the respondents.

Real Property Tax Law § 523-b authorizes the County of Nassau to establish an assessment review commission as an alternative to a board of assessment review (see RPTL 523-b [1]). RPTL 523-b (2) (a) provides, in pertinent part: "There shall be an assessment review commission to consist of nine commissioners who shall be appointed by the county executive subject to approval of the legislature, for a term of five years except as specified in paragraph (c) of this subdivision." RPTL 523-b (2) (c) states: "The terms of the nine commissioners first appointed pursuant to this section shall be two members for one year, two members for two years, two members for three years, two members for four years, and one member for five years." RPTL 523-b was adopted by the Nassau County Legislature as section 6-40.0 et seq. of the Nassau County Administrative Code. Section 6-40.1 of the Nassau County Administrative Code is substantially the same as RPTL 523-b (2), as it provides for fixed and staggered terms in the same manner.

Both RPTL 523-b and Nassau County Administrative Code § 6-40.1 are silent as to the Nassau County Executive's power to remove commissioners of the Nassau County Assessment Review Commission (hereinafter the ARC). However, Nassau County Charter § 203 (1) specifically addresses the Nassau County Executive's power to remove "members of boards and

commissions appointed for definite terms" (Nassau County Charter § 203 [1]). Nassau County Charter § 203 (1) provides that the Nassau County Executive may not remove "members of boards and commissions appointed for definite terms . . . until the person to be removed has been serviced [*sic*] with a notice of the reasons for such removal and given an opportunity to be heard, publicly if he or she desires, thereon by the County Executive" (Nassau County Charter § 203 [1]).

The Supreme Court properly declined to read into the language of Nassau County Charter § 203 (1) a requirement that the Nassau County Executive may remove ARC commissioners prior to the expiration of their statutory terms only for cause. The language of Nassau County Charter § 203 (1) is clear and unambiguous and, therefore, "the court should construe it so as to give effect to the plain meaning of the words used" (*Maraia v Orange Regional Med. Ctr.*, 63 AD3d 1113, 1116 [2009], quoting *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198, 204 [1995] [internal quotation marks omitted]). According to the plain meaning of Nassau County Charter § 203 (1), only notice of the reasons for removal and an opportunity to be heard are required for the removal of ARC commissioners. If the Nassau County Legislature intended for ARC commissioners to be removable only "for cause" during their statutory terms, then it could have included the appropriate language in the Nassau County Charter (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995]; *Maraia v Orange Regional Med. Ctr.*, 63 AD3d at 1117).

The remaining contentions of the petitioners/plaintiffs Dolores Sedacca, John R. Lewis, Jr., and Israel Wasser are either not properly before this Court or without merit. Accordingly, the petition was properly denied, and the proceeding was properly dismissed. Since this is, in part, a declaratory judgment action, we modify the judgment to make the necessary declaration. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.