[965 NE2d 257, 942 NYS2d 30]

In the Matter of DOLORES SEDACCA et al., Appellants, et al., Petitioners, v EDWARD P. MANGANO, County Executive of Nassau County, et al., Respondents.

Argued January 9, 2012; decided February 21, 2012

**POINTS OF COUNSEL**

*Lynn, Gartner & Dunne, LLP*, Mineola (*Kenneth L. Gartner* of counsel), for appellants. I. The New York State and Nassau County Legislatures, when authorizing and creating the

Nassau County Assessment Review Commission, expressly provided that each commissioner was to serve for a term of five years provided that the terms of the commissioners would be staggered in order to avoid any abrupt and simultaneous turnover of the Commission membership and provided that no more than six of the nine members of the Commission could be from a single political party. The courts below held that Nassau County Executive Edward P. Mangano was nevertheless possessed with the carte blanche to, immediately upon taking office, fire all nine commissioners without cause, for the sole stated reason that he wished to substitute his own political appointees. This was, respectfully, erroneous. (*Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162; *Matter of Burke v Krug*, 161 Misc 687, 272 NY 575; *Matter of Starr v Meisser*, 67 Misc 2d 297, 39 AD2d 712; *Incorporated Vil. of Atl. Beach v Town of Hempstead*, 27 AD2d 556, 19 NY2d 929; *Reinhart v Troy Parking Auth.*, 36 AD2d 654; *Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 301 AD2d 819, 2 NY3d 249; *Matter of Rockland County Patrolmen's Benevolent Assn., Inc. v Prendergast*, 25 AD3d 615; *Matter of John H.*, 56 AD3d 1024; *Matter of Steinmann v Village of Spring Val.*, 261 AD2d 548; *Matter of Burbridge v Miele*, 214 AD2d 669.) II. The County Attorney stipulated that the conflict of interest posed by his duty to represent both (1) the County Executive and (2) the commissioners the County Executive had fired, required the County to retain independent counsel for the commissioners. Respondents have never challenged the fact that a further conflict of interest, between (1) appellants, and (2) the commissioners who did *not* wish to challenge their firings by the County Executive, prevented the single independent counsel from alone representing all of the commissioners. Respondents' refusal to pay for an additional, unconflicted, counsel to represent appellants, violated their obligation to provide appellants with counsel. (*Matter of Cappelli v Sweeney*, 167 Misc 2d 220, 230 AD2d 733; *Rimar v Continental Cas. Co.*, 50 AD2d 169; *Ottaviano v Genex Coop.*, 3 Misc 3d 1024, 15 AD3d 924; *69th St. & 2nd Ave. Garage Assoc. v Ticor Tit. Guar. Co.*, 207 AD2d 225, 87 NY2d 802; *Elacqua v Physicians' Reciprocal Insurers*, 52 AD3d 886; *City of New York v Clarendon Natl. Ins. Co.*, 309 AD2d 779; *Hanover Ins. Co. v Cowan*, 172 AD2d 490; *Matter of Schulz v Doetsch*, 217 AD2d 861.)

*John Ciampoli, County Attorney*, Mineola (*Dennis J. Saffran* of counsel), for respondents. I. The lower courts properly refused

to impose a cause requirement for the removal of Nassau County Assessment Review Commission commissioners when two of the three relevant statutory provisions are silent about removal and the third is "clear and unambiguous" in allowing the County Executive to remove fixed-term appointees without cause under a simplified "notice and opportunity to be heard" procedure. (*United States v Wilson*, 290 F3d 347; *Matter of Sullivan v Taylor*, 279 NY 364; *Matter of Sheldon v Stabile*, 57 Misc 2d 407; *People ex rel. Walker v Roosevelt*, 144 Misc 525; *Mohassel v Fenwick*, 5 NY3d 44; *Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175; *Barber v Dembroski*, 54 NY2d 648; *Matter of Erdman v Ingraham*, 28 AD2d 5; *People v Richetti*, 302 NY 290; *Matter of Prue v Hunt*, 78 NY2d 364.) II. The County of Nassau was not required to provide counsel for petitioners, or to pay their fees.

### OPINION OF THE COURT

Per Curiam.

The question presented by this appeal is whether the Nassau County Executive has the authority to terminate the commissioners of the Nassau County Assessment Review Commission (ARC) in the absence of cause, prior to the expiration of their fixed, statutory terms. We conclude that he does not.

Under Real Property Tax Law § 523-b, the State Legislature authorized Nassau County to establish the ARC for the purpose of "reviewing and correcting all assessments of real property" (RPTL 523-b [2] [d]). The ARC was created "as an alternative" to a board of assessment review, which is maintained by other local governments under RPTL 523 to fulfill the same purpose (RPTL 523-b [1]). The purpose of the statute was to combat the growing number of property tax grievances that were being filed and to increase the accuracy of the assessments, thereby avoiding having to make refunds and interest payments on improperly assessed parcels (*see* Mem of Senator Dean G. Skelos in Support of L 1998, ch 593, 1998 NY Legis Ann, at 373). Section 523-b allowed the ARC to function year round, as opposed to the previously existing Board of Assessment Review that met for three months out of the year, and also increased the number of commissioners in the hope that more tax grievances would be "resolved without court involvement and in a more timely manner" (*id.*). The Nassau County Legislature adopted RPTL 523-b as section 6-40.1 *et seq.* of the Nassau County Administrative Code.

The ARC is comprised of nine commissioners who are appointed by the County Executive subject to approval by the County Legislature (*see* RPTL 523-b [2] [a]). The statute provides that the commissioners shall have staggered five-year terms and that no more than six of the commissioners can be enrolled voters of the same political party (*see* RPTL 523-b [2] [a], [c]). The duration of the term is consistent with that of a member of a board of assessment review (*see* RPTL 523 [1] [b], [c] [boards are comprised of three to five members with staggered five-year terms]).

On December 24, 2009, the outgoing Nassau County Executive appointed six ARC commissioners, including the three petitioners herein, to fill vacancies.[1] On January 14, 2010, counsel to the then-newly elected County Executive (respondent herein) sent letters to each of the nine commissioners, informing them that they were being removed from office pursuant to section 203 of the Nassau County Charter. The letter stated that "the County Executive must select his own Commissioners of ARC to promote and implement the new administration's plans and policies," including reducing the costs of government and ameliorating problems that had arisen within the assessment system. The letter also opined that it would frustrate the County Executive's mandate and the will of the voters to allow the previous administration to wield a continuing influence over the ARC. The letter stated that, under Nassau County Charter § 203 the County Executive's decision was final, but in any event offered the commissioners an opportunity to be heard, if they so desired.

Eight of the nine commissioners responded to the County Attorney, requesting that he provide them with legal representation under Nassau County Charter § 1102 and asking for an opportunity to be heard by the County Executive.[2] The County Attorney responded, notifying the commissioners that he would not appear on their behalf due to a conflict presented by his representation of the County Executive but advising them that he had retained independent special counsel on their behalf. Petitioners met with the proffered counsel but, as the result of

---

1. Petitioners were not appointed for full terms, but to fill the remaining portions of existing terms.

2. One of the nine commissioners was retained by the County Executive and two others ultimately decided to resign.

strategic and philosophical differences, decided to retain their own attorney.[3]

Petitioners commenced this combined declaratory judgment action/CPLR article 78 proceeding seeking an order declaring that the County Executive does not have the power to remove the commissioners during their terms absent cause, enjoining respondents from taking any such action and directing that petitioners are entitled to reasonable attorneys' fees incurred for their independently retained private counsel. Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the provision governing petitioners' removal—Nassau County Charter § 203—contained no requirement of cause for termination. The court also denied petitioners' request for attorneys' fees. (27 Misc 3d 414 [2010].)

The Appellate Division modified solely to declare that the County Executive has the authority to remove the ARC commissioners from their offices prior to the expiration of their statutory terms in the absence of cause (78 AD3d 716 [2d Dept 2010]). The Court found that the language of Nassau County Charter § 203 was clear and unambiguous in requiring only that appointees be given notice of the reasons why they were being removed and provided with an opportunity to be heard. The Court found it significant that the County Charter did not explicitly state that appointees were removable only for cause. This Court granted petitioners leave to appeal and we now modify.

■ The Nassau County Charter vests the County Executive with authority to appoint members of county boards and commissions, subject to approval of the County Legislature (see Nassau County Charter § 203 [1]). Concomitantly,

> "[t]he County Executive may at any time remove any person so appointed; provided that in the case of members of boards and commissions appointed for definite terms, no removal shall be made until the person to be removed has been serv[ed] with a notice of the reasons for such removal and given an opportunity to be heard, publicly if he or she desires, thereon by the County Executive. The decision of the County Executive shall be final" (Nassau County Charter § 203 [1]).

---

**3.** The three remaining commissioners accepted the representation of special counsel and were permitted to intervene in this action at Supreme Court. The intervenors are not parties to this appeal.

Respondents therefore argue that, according to the plain language of the County Charter, the County Executive was within his authority to terminate petitioners, despite the absence of any wrongdoing on their part and regardless of the statutory term of office, in order to appoint individuals of his choosing. In our view, this argument is inconsistent with the salutary purpose of the legislation at issue.

As we have repeatedly recognized, "[i]n matters of statutory . . . interpretation, 'legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]' " (*Nostrom v A.W. Chesterton Co.*, 15 NY3d 502, 507 [2010], quoting *Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004]). To that end, ascertaining legislative intent involves considering " 'the spirit and purpose of the act and the objects to be accomplished' " (*Ferres v City of New Rochelle*, 68 NY2d 446, 451 [1986], quoting *People v Ryan*, 274 NY 149, 152 [1937]).

Although RPTL 523-b does not set forth any procedure for the removal of commissioners, the statute demonstrates the legislative intent to protect the ARC from political influence. It is evident that the fixed, staggered terms of office along with the requirement that all of the commissioners must not be members of a single political party, are designed to promote stability of membership and political diversity. Notably, the five-year term of office exceeds the length of the County Executive's own. This design may frustrate the most recent expression of the electorate's mandate, but it is meant precisely to avoid a wholesale change of membership of the ARC upon the installation of each successive administration.

When Nassau County Charter § 203 is read in light of the purposes of RPTL 523-b, the Charter provision does not convey the "plain" meaning that respondents attribute to it. Section 203 (1) refers specifically to "members of . . . commissions appointed for definite terms," and makes clear that, when those members are removed, "reasons for such removal" must be provided. "Reasons," in this context, can reasonably be read as a synonym for "cause": thus, section 203 permits removal of commissioners serving fixed terms for cause, but not otherwise. Accordingly, we find that RPTL 523-b and Nassau County Charter § 203 are not incompatible and read them together to accomplish the clear legislative intent.

In addition, although the commissioners, as county employees, are not protected by the Public Officers Law (*see e.g.* Public

Officers Law § 36 [public officers are subject to removal "for any misconduct, maladministration, malfeasance or malversation in office"]), it is instructive that a finding of some type of misconduct would be required to remove members of the similarly situated Board of Assessment Review (*see* 4 Ops Counsel SBEA No. 27 [1974]).

Removing the commissioners without cause under Nassau County Charter § 203, as respondents urge, would frustrate the legislative intent by nullifying the requirements of the RPTL and rendering the staggered statutory terms of office in RPTL 523-b superfluous. Under these circumstances, the commissioners are not essentially at-will employees, subject to termination for any reason whatsoever.

■ Petitioners' argument that they are entitled to attorneys' fees, however, was properly rejected. The County is required to "provide for the defense" of an employee involved in a civil action arising out of an act or omission that occurred during the scope of his or her employment (*see* Nassau County Administrative Code § 22-2.8 [2] [a]). Where, as here, the employees commenced the action, there is no obligation on the part of the County to pay for their "defense." Nor does the Administrative Code otherwise obligate the County to bear responsibility for the commissioners' legal fees.

Accordingly, the order of the Appellate Division should be modified, without costs, by granting judgment declaring that in the absence of cause, the County Executive does not have authority to remove commissioners of the Nassau County Assessment Review Commission prior to the expiration of their statutory terms, and remitting to the Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Order modified, etc.