Matter of Loeb Boathouse Servs., LLC v City of New York (2020 NY Slip Op 02257)





Matter of Loeb Boathouse Servs., LLC v City of New York


2020 NY Slip Op 02257


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11376 158983/16 158978/16

[*1] In re Loeb Boathouse Services, LLC, et al., Petitioners-Plaintiffs, JPO Concepts, Inc., Petitioner-Plaintiff-Appellant,
v
The City of New York, etc., et al., Respondents-Defendants-Respondents.


Law Office of Nathaniel B. Smith, New York (Nathaniel B. Smith of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Mackenzie Fillow of counsel), for City of New York, The Department of Parks and Recreation, respondents.
LePatner & Associates, LLP, New York (Peter C. Dee of counsel), for Dean Poll and Central Park Boathouse LLC, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 15, 2018, which, in this hybrid CPLR article 78 proceeding-plenary action, granted respondents' motions to dismiss the first amended petition and second amended verified complaint, unanimously affirmed, without costs.
Petitioner-plaintiff JPO Concepts, Inc. had standing to pursue this article 78 proceeding and plenary action (see Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 587 [1998]; Maraia v Orange Regional Med. Ctr., 63 AD3d 1113, 1115 [2d Dept 2009]). Nevertheless, the court properly dismissed the petition and complaint due to JPO's failure to exhaust its administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). JPO did not allege that it submitted a protest which complied with the terms of 12 RCNY 1-08(a) and contrary to its contention, an email sent by its representative to a project manager criticizing the bidder who was subsequently awarded the licensing agreement did not constitute a protest as defined by 12 RCNY 1-08(a). JPO's email was not sent to the agency head or its designee, and was sent before the agency rendered its determination. Various individuals' appearances at a Franchise and Concession Review Committee public hearing on behalf of JPO also did not satisfy the terms of 12 RCNY 1-08(a), and the protest was not submitted in writing to the agency head (see Matter of S & M Dev. v State Div. of Hous. & Community Renewal, 182 AD2d 995, 996 [3d Dept 1992]).
We find that JPO did not make a proper showing of futility to justify making an exception to the exhaustion of remedies
requirement (see generally Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y., 88 AD3d 72, 81 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK